UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PATRICIA MILHAVEN,                                   19-cv-02384 (KMK)

                    Plaintiff,

        –against–

COUNTRY VILLAGE APARTMENT, d/b/a
CREEKSIDE APARTMENTS,

                    Defendant.
------------------------------------------------------------x


# SUPPLEMENTAL REPLY MEMORANDUM OF LAW
# IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS


                                    SUSSMAN & ASSOCIATES
                                    *Attorneys for Plaintiff*
                                    1 Railroad Avenue, Ste. 3
                                    P.O. Box 1005
                                    Goshen, NY 10924
                                    (845) 294-3991 [Tel]
                                    (845) 294-1623 [Fax]


Dated: August 7, 2020

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    Point I

    Creekside waived its <u>Younger</u> argument and, in any event, <u>Younger</u> does
    not warrant abstention in this case ...................................................................... 2

        A. Creekside has waived its <u>Younger</u> argument by not initially asserting
           it in its motion to dismiss .......................................................................... 2

        B. <u>Younger</u> does not warrant abstention in this case................................... 3

    Point II

    The Anti-Inunction Act is inapplicable and does not warrant
    dismissal of Milhaven's complaint .................................................................... 11

CONCLUSION................................................................................................................... 13

## TABLE OF AUTHORITIES

### Cases

Andujar v. Hewitt,
    2002 U.S. Dist. LEXIS 14294 (S.D.N.Y. Aug. 2, 2002) ................................................ 5, 8

Aponte v. Diego Beekman M.H.A. HDFC,
    2019 U.S. Dist. LEXIS 12367 (S.D.N.Y. Jan. 24, 2019) ............................................... 5, 8

Brooklyn Inst. Of Arts & Scis. v. City of New York & Rudolf W. Giuliani,
    64 F.Supp.2d 184 (S.D.N.Y. 1999) ............................................................................... 5, 8

Cullen v. Fliegner,
    18 F.3d 96 (2d Cir. 1994) .............................................................................................. 8, 9

Dairy Mart Convenience Stores, Inc. v. Nickel,
    411 F.3d 367 (2d Cir. 2005) ............................................................................................. 2

Greer v. Mehiel,
    2016 U.S. Dist. LEXIS 22588 (S.D.N.Y. Feb. 24, 2016) .............................................. 5, 8

Ingber v. New York City Dep't. of Educ.,
    2014 U.S. Dist. LEXIS 170007 (S.D.N.Y. Dec. 8, 2014) ............................................. 2, 3

Kirschner v. Klemons,
    225 F.3d 227 (2d Cir. 2000) ......................................................................................... 9, 10

McCune v. Frank,
    521 F.2d 1152 (2d Cir. 1975) ........................................................................................... 2

Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,
    457 U.S. 423 (1982) .......................................................................................................... 6

Neroni v. Becker, 6
    555 Fed.App'x. 118 (2d Cir. 2014) ................................................................................... 6

Ohio Civil Rights Comm'n. v. Dayton Christian Sch., Inc.,
    447 U.S. 619 (1986) .......................................................................................................... 2

Rehab. Support Servs. v. City of Albany,
    2015 US Dist. LEXIS 86081(N.D.N.Y. Jul. 2, 2015) ............................................... 6, 7, 8

Rivers v. McLeod,
    252 F.3d 99 (2d Cir. 2001) ............................................................................................... 9

Rosen v. County of Suffolk,
    53 Fed.App'x. 578 (2d Cir. 2002)..........................................................................................9

Spargo v. N.Y.S. Comm'n. on Judicial Conduct,
    351 F.2d 65 (2d Cir. 2003).....................................................................................................6

Sprint Communications, Inc. v. Jacobs,
    571 U.S. 69 (2013)...........................................................................................3, 4, 5, 6, 7

Tolliver v. Skinner,
    2013 U.S. Dist. LEXIS 28730 (S.D.N.Y. Feb. 11, 2013)...............................................2, 3

Younger v. Harris,
    401 U.S. 37, 48 (1971)................................................................................................ passim

**Statutes**

28 U.S.C. § 1331 ...........................................................................................................................4

28 U.S.C. § 2283...........................................................................................................................12

42 U.S.C. § 3613...........................................................................................................................4

N.Y. Uniform Justice Ct. Act § 202..........................................................................................10

**Other Authorities**

Administrative Order 127/20, dated June 18, 2020 ....................................................................11

Seventh Amended Administrative Order of the Ninth Judicial District ......................................11

Executive Order 202.55, 9 N.Y.C.R.R. § 8.202.55 ....................................................................11

## PRELIMINARY STATEMENT

Plaintiff Patricia Milhaven respectfully submits this supplemental reply memorandum of law in further opposition to defendant Country Village Apartment, d/b/a/ Creekside Apartments' (hereinafter "Creekside") motion to dismiss.  The Court invited supplemental briefing on the issue of whether, and to what extent, the Appellate Term's recent reversal of the Justice Court's holdover judgment impacts its adjudication of Creekside's pending motion to dismiss.  More specially, the issue is whether such reversal renders the *specific grounds* upon which Creekside moved to dismiss – namely, Rooker-Feldman, *res judicata* and law of the case – inapplicable. Accordingly, such was the thrust of Milhaven's initial supplemental memorandum of law, in which she explained that reversal of the Justice Court's judgment eliminated the predicate underlying Creekside's specific grounds for dismissal.

In response, Creekside has not addressed *any* of Milhaven's arguments.  Other than in its recitation of the procedural history, it makes no mention of the three specific grounds upon which it originally moved to dismiss and does not even attempt to refute Milhaven's contentions. As such, we deem Creekside to have conceded Milhaven's arguments – that reversal of the state court judgment renders Rooker-Feldman, *res judicata* and law of the case inapplicable and dismissal on those grounds inappropriate – and respectfully submit that the Court should reach this same conclusion.

Rather than addressing Milhaven's arguments, Creekside ignores the very issue this supplemental briefing was intended to address and, instead, asserts two *new* arguments in support of its motion to dismiss, as if it were making a new motion: first, that the Court should dismiss Milhaven's claims under the Younger abstention doctrine, and, second, that the Anti-Injunction Act warrants dismissal of Milhaven's claims for injunctive relief.  As explained

below, neither of these arguments are availing, both should be rejected and Creekside's motion to dismiss should be denied in it is entirety.

## ARGUMENT

### Point I

**Creekside waived its <u>Younger</u> argument and, in any event,
<u>Younger</u> does not warrant abstention in this case.**

#### A. Creekside has waived its <u>Younger</u> argument by not initially asserting it in its motion to dismiss.

As an initial matter, by not raising it when it first moved to dismiss, Creekside has waived its <u>Younger</u> argument. <u>Younger</u> abstention does not arise from a lack of subject matter jurisdiction, but rather, from the principle that, despite having it, the court should abstain from exercising its subject matter jurisdiction in certain cases due to the competing interests of comity and federalism. See <u>Ohio Civil Rights Comm'n. v. Dayton Christian Sch., Inc.</u>, 447 U.S. 619, 626 (1986); <u>McCune v. Frank</u>, 521 F.2d 1152, 1157 n. 15 (2d Cir. 1975) (recognizing that "<u>Younger</u> is not jurisdictional, since in <u>Sosna [v. Iowa]</u> the Court permitted the state to waive it, 419 U.S. 393, 396-97 n. 13 (1975), and jurisdiction of course is not waivable."). Thus, a defendant may waive its argument for <u>Younger</u> abstention. <u>Dairy Mart Convenience Stores, Inc. v. Nickel</u>, 411 F.3d 367, 373 (2d Cir. 2005); <u>See also</u> <u>McCune</u>, 521 F.2d at 1157 n. 15; <u>Ingber v. New York City Dep't. of Educ.</u>, No. 14-cv-3942 (JMF), 2014 U.S. Dist. LEXIS 170007, at *4 n. 1 (S.D.N.Y. Dec. 8, 2014) ("Defendants do not raise <u>Younger</u> in their motion to dismiss. Accordingly, they have forfeited any argument that the Complaint should be dismissed on that basis."); <u>Tolliver v. Skinner</u>, No. 12-Civ.-971 (DAB/KNF), 2013 U.S. Dist. LEXIS 28730, at *39-*40 (S.D.N.Y. Feb. 11, 2013) ("Accordingly, defendants waived their <u>Younger</u> abstention defense when they failed to raise it in their motion to dismiss").

2

Here, Creekside did not argue for Younger abstention when it initially filed its motion to dismiss. See ECF Doc. Nos. 30 [Notice of Motion to Dismiss] and 31 [Def. Memorandum of Law in Support of Motion to Dismiss]. Rather, it asserted three specific grounds for dismissal: law of the case, Rooker-Feldman and *res judicata*. See Id. It certainly could have asserted a Younger argument in its initial motion as an alternative ground for dismissal, but it failed to do so. As such, it should be deemed to have waived the argument and the Court should not now entertain it. See Ingber, 2014 U.S. Dist. LEXIS 170007 at *4 n. 1; Tolliver, 2013 U.S. Dist. LEXIS 28730 at *39-*40.

## B. Younger does not warrant abstention in this case.

Even if Creekside has not waived its Younger argument, the Court should still reject it because Younger does not apply here, and abstention is not warranted. In Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), a unanimous Supreme Court recognized and emphasized Younger's limited scope. As the Court explained, the Younger doctrine arises from the eponymous case, which held that, "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." Id. at 72.

The doctrine has since been extended to "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a State's interest in enforcing the orders and judgments of its courts." Id. at 72-73 (quotation marks & citations omitted). Thus, the Court recognized: "Circumstances fitting within the Younger doctrine, we have stressed, are 'exceptional'; they include . . . state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. at 73 (quotation marks & citations omitted). The Court made clear: "We have not applied Younger outside these three 'exceptional' categories,

3

and today hold . . . that *they define Younger's scope*." Id. at 78 (emphasis added); See also Id. at 82 ("In short, to guide other federal courts, we clarify and affirm that Younger extends to the three 'exceptional circumstances' identified in NOPSI, but no further.").

In so holding, the Court recognized that "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not refuse to decide a case in deference to the States." Id. at 73 (quotation marks & citations omitted). Indeed, where none of the three "exceptional circumstances" is present, the "general rule governs," and the court must not decline to exercise jurisdiction. Id. at 73. This is true even if there is a parallel pending state court action, as "[t]he pendency of an action in a state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction." Id. (quotation marks & citations omitted) (alteration accepted). As the Court aptly put it:

> Federal courts, it was early and famously said, have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. . . . Jurisdiction existing, this Court has cautioned, a federal court's obligation to hear and decide a case is virtually unflagging. . . . Parallel state-court proceedings do not detract from that obligation.

Id. 77.

It is undisputed that this Court has subject matter jurisdiction over Milhaven's FHA claims under 28 U.S.C. § 1331 and 42 U.S.C. § 3613. Thus, notwithstanding the pending state court matter, this Court has a "virtually unflagging" obligation to exercise its jurisdiction to adjudicate Milhaven's FHA claims on their merits unless the specific "exceptional circumstances" warranting Younger abstention apply, which they do not.

Indeed, the state court eviction proceeding here is not the type of proceeding to which Younger applies. As already discussed, the Supreme Court made clear in Sprint that Younger applies *only* to three specific and "exceptional" categories of state proceedings: (1) state criminal

4

proceedings; (2) certain state civil enforcement proceedings; and (3) civil proceedings involving certain orders . . .  uniquely in furtherance of the state courts' ability to perform their judicial function.  See Id. at 78.  Again, the Court declared that these three categories "define Younger's scope." Id.

The state eviction proceeding here is plainly not a criminal proceeding or a civil enforcement proceeding.  Nor is an order in an eviction case "uniquely in furtherance of the [Justice Court's] ability to perform [its] judicial function."  Indeed, "[a] routine non-payment action filed by a private landlord in state housing court neither implicates state courts' ability to perform their judicial functions . . . , nor enjoys significance equivalent to that of a sate criminal or civil enforcement proceeding." See Aponte v. Diego Beekman M.H.A. HDFC, No. 16-CV-8479 (JPO), 2019 U.S. Dist. LEXIS 12367, at *12 (S.D.N.Y. Jan. 24, 2019) (quotation marks & citations omitted); See also Greer v. Mehiel, NO. 15-Civ.-6119, 2016 U.S. Dist. LEXIS 22588, at *7 n. 6 (S.D.N.Y. Feb. 24, 2016) (recognizing state eviction proceeding does not implicate Younger); Brooklyn Inst. Of Arts & Scis. v. City of New York & Rudolf W. Giuliani, 64 F.Supp.2d 184, 194 (S.D.N.Y. 1999) ("An ejectment action is neither a 'civil enforcement proceeding' nor one 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'  It is a landlord-tenant action that is routinely available in disputes between private parties."); Andujar v. Hewitt, No. 02-Civ.-2223 (SAS), 2002 U.S. Dist. LEXIS 14294, at *20 (S.D.N.Y. Aug. 2, 2002) ("In this case, the state proceeding consists – in generic terms – of a landlord-tenant dispute, a type of litigation distinguished only by its ubiquity.  The summary holdover proceeding cannot be said to concern the central sovereign functions of state government." (quotation marks & citations omitted)).

Citing Spargo v. N.Y.S. Comm'n. on Judicial Conduct, 351 F.2d 65 (2d Cir. 2003) and various cases that predate it, Creekside contends that a three-prong test controls whether Younger applies and, thus, "abstention is mandatory when '(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords a federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional [or statutory] claims.'" Def. Supp. Mem. L. at 5. But this argument fails because the Supreme Court explicitly rejected this test in Sprint. See 571 U.S. at 81-82; See also Neroni v. Becker, 555 Fed.App'x. 118, 119 (2d Cir. 2014) (summary order) (recognizing Sprint rejected the three-part test deployed in Spargo and vacating for reconsideration of Younger in light of Sprint); Rehab. Support Servs. v. City of Albany, No. 14-cv-0499, 2015 US Dist. LEXIS 86081, at *20-*21 (N.D.N.Y. Jul. 2, 2015) (recognizing Sprint rejected three-part test).

The Sprint Court chastised the Court of Appeals, to which it issued *certiorari*, for giving this three-part test "extraordinary breadth." See 571 U.S. at 81. In doing so, it explained that the case in which it espoused these three prongs – Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982) – involved a state ethics committee's investigation of a lawyer and, thus, was "akin to a criminal proceeding." Id. As such, the matter fell within one of the three threshold "extraordinary categories" in which Younger applies.

Accordingly, "[t]he three Middlesex conditions . . . were not dispositive; they were, instead, *additional* factors appropriately considered by the federal court before invoking Younger." Id. (emphasis in original). In other words, Sprint made clear that the three Middlesex factors do not dictate Younger's application in the first instance, but rather, only after it is determined that a matter falls within one of Younger's categories, these three factors can be used to guide the court's determination whether to abstain. See Id. As the Court explained:

6

> Divorced from their quasi-criminal context, the three <u>Middlesex</u>
> conditions would extend <u>Younger</u> to *virtually all parallel state and*
> *federal proceedings*, at least where a party could identify a
> plausibility important state interest. . . . That result is
> irreconcilable with our dominant instruction that, even in the
> presence of parallel state proceedings, abstention from the exercise
> of federal jurisdiction is the exception, not the rule.

<u>Id.</u> at 81-82 (emphasis added).

Glaringly absent from Creekside's brief is any discussion of <u>Sprint</u>, which is not cited even once. Rather, Creekside simply applies the three-part <u>Middlesex</u> test without first discussing whether the state eviction proceeding falls within one of <u>Younger's</u> three "exceptional categories." As already explained, the pending eviction proceeding is not akin to a criminal prosecution and does not fall within any of the three categories in which <u>Younger</u> applies. As such, the three-factor test Creekside seeks to apply is simply irrelevant, and its entire argument, which depends on this test, falls.

Nor is the fact that the state eviction proceeding might involve the same subject matter as this proceeding – Milhaven's tenancy – dispositive, as Creekside suggests. Instructive on this point is the district court's decision in <u>Rehabilitation Support Services, supra</u>. There, the City of Albany's ZBA denied the plaintiff agency a use variance to operate a residential facility for individuals recovering from alcoholism and substantive abuse. <u>See</u> 2015 U.S. Dist. LEXIS 86081 at *2-*3. The agency then commenced an action in the District Court for the Northern District of New York, alleging that the ZBA's denial violated the FHA and the ADA. <u>See Id.</u> at *4. Shortly after commencing the federal action, it also commenced an Article 78 proceeding in State Supreme Court seeking to annul the ZBA's determination. <u>See</u> Id. at *5.

The district court rejected the defendant's argument that the pending Article 78 proceeding required it to abstain under <u>Younger</u>. <u>See Id.</u> at *19-*22. In doing so, the Court first

7

noted that the Supreme Court in <u>Sprint</u> had rejected the three-part test that both parties had cited [and which Creekside cites here]. <u>See</u> <u>Id.</u> *19-*20.   It then concluded that the Article 78 proceeding did not fit within any of the three categories to which <u>Sprint</u> limited <u>Younger's</u> reach – it was neither a criminal proceeding, a civil enforcement proceeding nor a civil proceeding implicating the state's unique interests in enforcing its orders or judgments. <u>See</u> <u>Id.</u> at *20-22. Critically, the Court also rejected the defendant's argument that <u>Younger</u> applied because the the Article 78 proceeding, which sought review and reversal of the ZBA's denial of its use variance application, involved the same subject matter of the federal proceeding challenging the very same denial. <u>See</u> <u>Id.</u>  The fact that Article 78 proceeding did not fall within any of the three enumerated Sprint categories was dispositive and precluded abstention under <u>Younger</u>. <u>See</u> <u>Id.</u>

The same is true here.  The fact that the eviction proceeding and this action may involve the same subject matter – <i>i.e.</i>, Milhaven's tenancy – does not justify abstention if the state proceeding does not fall within one of <u>Sprint's</u> enumerated categories, which, as already explained, it does not. <u>See</u> <u>Aponte</u>, 2019 U.S. Dist. LEXIS 12367 at *12; <u>Greer</u>, 2016 U.S. Dist. LEXIS 22588, at *7 n. 6; <u>Brooklyn Inst.</u>, 64 F.Supp.2d 184, 194; <u>Andujar</u>, 2002 U.S. Dist. LEXIS 14294, at *20.  Thus, Younger does not apply here.

Even if <u>Younger</u> were generally applicable here, which it is not, abstention would still be unwarranted under the doctrine's "bad faith" exception. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 48 (1971).  Indeed, abstention is not required "where a prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected conduct, or where a prosecution or proceeding is otherwise brought in bad faith or for the purpose to harass." <u>Cullen v. Fliegner</u>, 18 F.3d 96 (2d Cir. 1994).   Thus, in <u>Cullen</u>, the Second Circuit affirmed the district court's injunction enjoining a disciplinary proceeding under the bad faith exception where the plaintiff

8

teacher claimed that the defendant school district for which we worked disciplined him in retaliation for exercising his First Amendment rights. See Id. at 103-04.  In doing so, the Court cited the district court's findings that the school district was subjectively motivated by retaliatory animus. See Id. at 104.  In other words, the school district's commencement of the disciplinary proceeding, itself, violated the plaintiff's First Amendment rights because it was retaliatory.

Likewise, here, Milhaven claims that Creekside's decision not to renew her lease and to terminate her tenancy is, itself, discriminatory.  Thus, its further action of commencing the eviction proceeding based on its alleged discriminatory refusal to renew her lease is likewise improper and in bad faith because it is born of the same discriminatory animus.  As such, this Court would not need to abstain under Younger even if the doctrine applied.

Finally, even if Younger abstention were warranted as to Milhaven's claim for injunctive relief, which it is not, it does not apply to her claim for damages.  Indeed, the Second Circuit has recognized that Younger abstention is not warranted as to claims for money damages. See Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000) (vacating dismissal of money damage claim because "Younger abstention is not appropriate with respect to Kirschner's claim for money damages . . . because it is a claim for money damages and not for declaratory or injunctive relief."); Rosen v. County of Suffolk, 53 Fed.App'x. 578, 580-81 (2d Cir. 2002) (summary order) (reversing Younger dismissal of claims for money damages); Rivers v. McLeod, 252 F.3d 99, 101-02 (2d Cir. 2001).

This is especially so where the extent of damages Milhaven seeks is not recoverable in the Town Justice Court. See Kirschner, 225 F.3d at 238.  In Kirschner, the Second Circuit noted that the plaintiff was unlikely to obtain money damages on his constitutional claims in his state court Article 78 proceeding because such allowed for recovery of money damages only to the

9

extent they were "incidental" to the primary relief sought. See Id.  Since the plaintiff could not obtain all the relief he sought in the state proceeding, the Court found Younger to be inapplicable. See Id. at 238-39.

Likewise, here, the Town Justice Court's ability to award monetary damages is capped at $3,000.00. See N.Y. Uniform Justice Ct. Act § 202 ("Notwithstanding any other provision of law, the court shall have jurisdiction of actions and proceedings for the recovery of money or chattels where the amount sought to be recovered or the value of the property does not exceed $3,000.00."). Milhaven seeks more than $3,000.00 in compensatory and punitive damages. Thus, to the extent she would be permitted to assert her FHA claims as affirmative counterclaims in the eviction proceeding, she would not be able to obtain the full extent of the damages she seeks. As such, Younger should not preclude her claim for money damages.

Nor would a stay pending resolution of the eviction proceeding, as Creekside suggests, be warranted. Again, to be clear, and as already discussed, Younger does not apply at all, and so there is no basis to stay this matter under its auspices. But even if the Court found that Younger applies to all but Milhaven's money damage claim, pursuit of such claim should not be stayed. Indeed, such a stay, while permitted, is certainly not required. And, here, a stay would not serve the interests of justice or judicial economy.

Indeed, the Appellate Term has remanded the matter back to the Justice Court for trial, but the parties have not yet been summoned to reappear in that Court and a trial date has not yet been set. Indeed, given the COVID-19 pandemic and protocols implemented to slow its spread, it is not clear when in person jury trials will again be permitted in the Justice Court. In fact, such proceedings are presently stayed by applicable executive and administrative orders, with the exception that counseled eviction matters filed before March 16, 2020 are eligible for virtual

10

settlement conferences, which has no bearing on the issue at hand. See Administrative Order 127/20, dated June 18, 2020, available online at https://www.nycourts.gov/whatsnew/pdf/AO-127-20.pdf (last visited Aug. 7, 2020); Seventh Amended Administrative Order of the Ninth Judicial District at ¶ A.1, dated July 8, 2020, available online at https://www.nycourts.gov/LegacyPDFS/courts/9jd/pdfs/7TH_AMENDED_AO_9JD.pdf (last visited Aug. 7, 2020); Executive Order 202.55, 9 N.Y.C.R.R. § 8.202.55 [extending, as relevant, Executive Orders 202.8, 202.14, 202.28, 202.38 and 202.48 through September 4, 2020].

On the other hand, the same impediments to proceeding with trial in state court will not impact the parties' ability to continue to litigate the instant matter or otherwise impede the discovery process which would follow the Court's adjudication of this motion. In short, in light of present circumstances, a stay of this matter would not serve the interests of judicial economy, but rather, would only further delay and prejudice Milhaven's ability to pursue her FHA claims.

In short, Younger simply does not apply here because the eviction proceeding is not one of the three types of proceedings to which its application is limited. And, even if it did apply, abstention is unwarranted under the bad faith exception and, in any event, Milhaven's claim for money damages would not be subject to dismissal.

## Point II

### The Anti-Injunction Act is inapplicable and does not warrant dismissal of Milhaven's complaint.

Creekside contends that the Anti-Injunction Act bars Milhaven's demand for injunctive relief, warranting dismissal of such claims. See Def. Mem. of L. at 10-13. Putting aside the fact that Creekside did not assert this argument when it originally moved to dismiss, and so the Court should refuse to entertain it now, this argument is, in any event, misplaced and must be rejected.

11

The Anti-Injunction Act provides that, except in certain enumerated circumstances, "[a] court of the United States may not grant an injunction to *stay proceedings* in a State court." 28 U.S.C. § 2283 (emphasis added). This rule does not apply because Milhaven does not presently seek to stay any state court proceeding.

To be sure, she initially sought a preliminary injunction staying her eviction, but the Court has already denied that relief. She now seeks simply to pursue her FHA claims and, as relief therefor, to obtain a judgment awarding compensatory and punitive damages, costs and attorneys fees and enjoining Creekside to renew her lease upon standard terms and to refrain from further discriminating against her on account of her disability. In permitting this case to proceed and ordering the remedies Milhaven seeks should she prevail, the Court would not need to stay the state proceeding and, thus, the Anti-Injunction Act simply does not apply.

To be sure, in her prayer for relief, Milhaven also seeks to permanently enjoin Creekside from evicting her. But this demand for relief does not warrant dismissal of her claims right now. Further, if she were to prevail in this Court on her FHA claim before the state eviction proceeding concludes, the Anti-Inunction Act would not then bar this Court from enjoining her eviction or ordering any other necessary injunctive relief which might effect a stay or discontinuance of the state court proceeding because, by then, such relief would fall within one of the Act's three enumerated exceptions – namely "to protect or effectuate [this Court's] judgments." 28 U.S.C. § 2283. In other words, if there were a judgment in this Court that Creekside's decision to terminate Milhaven's lease, which decision formed the basis for the eviction proceeding, was unlawfully discriminatory, then allowing the eviction proceeding to continue would necessarily impair and undermine such judgment, warranting the Court's exercise of its equitable powers under one of the Anti-Injunction Act's explicit exceptions.

In short, the Anti-Injunction Act erects no bar to Milhaven's prosecution of her FHA claims where she does not presently seek to stay any stay court proceeding. And, to the extent she prevails on these claims while the state court proceeding is ongoing, any necessary injunctive relief that might impact the state proceeding would be permitted.

## CONCLUSION

For all of the foregoing reasons, and those set forth in Milhaven's initial memorandum of law and first supplemental memorandum of law in opposition, Creekside's motion to dismiss should be denied in its entirety and the matter should proceed with discovery.

Dated: Goshen, New York
      August 7, 2020

                              Respectfully submitted,

                              SUSSMAN AND ASSOCIATES
                              *Attorneys for Plaintiff*

                         By:

                                Jonathan R. Goldman, Esq. (JG8710)
                                1 Railroad Avenue, Ste. 3
                                P.O. Box 1005
                                Goshen, New York 10924
                                (845) 294-3991 [Tel]
                                (845) 294-1623 [Fax]
                                jgoldman_sussman1@frontier.com

TO:    David B. Lichtenberg, Esq.
        FISHER & PHILLIPS, LLP
        *Attorneys for Defendant*
        430 Mountain Avenue, Suite 303
        Murry Hill, New Jersey 07974
        (908) 516-1050 [Tel]
        (908) 516-1051 [Fax]
        dlichtenberg@fisherphillips.com

13